UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARCUS JETHRO                                CIVIL ACTION

VERSUS                                       NO: 22-10

BAYWOOD APARTMENTS, LLC,                     SECTION: "J"(1)
ET AL.

## ORDER & REASONS

Before the Court is a *Motion for Summary Judgment* **(Rec. Doc. 16)** filed by Defendants, PC Baywood, LLC and Multifamily Management, Inc. (collectively, "Multifamily"). Plaintiff opposes this motion (Rec. Doc. 17), and Defendants have filed a reply (Rec. Doc. 20). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED**.

## FACTS AND PROCEDURAL BACKGROUND

This case arises out of an alleged accident that occurred on October 28, 2020, the night of Hurricane Zeta, at the Baywood Apartments in Gretna, Louisiana. Plaintiff alleges that sometime between the hours of 7:00 and 11:00 p.m., the power went out at his apartment due to the high winds from the approaching storm. Plaintiff claims that he left his apartment in order to retrieve something from his car, but as he was navigating the walkway that leads to the parking lot, he stepped hip deep into an uncovered drain. Plaintiff claims that it was too dark to see the hole before he fell into it. Plaintiff alleges that Defendants, the owner and property manager of the Baywood Apartments collectively known as Multifamily, were liable

1

for this hazard. Plaintiff subsequently filed suit on this matter in the 24th Judicial District Court for the Parish of Jefferson, and Defendants removed the suit to this Court.

Defendants claim that Plaintiff is unable to prove actual or constructive knowledge of the hazardous storm drain. They assert that none of the three maintenance workers employed on the date of the accident opened the storm drain, nor were they aware that the cover was removed. However, Plaintiff claims that a former employee at the Baywood Apartments, Charles Cross, has stated under oath that he was regularly instructed to open storm drains in anticipation of major storms to prevent flooding of the walkways. However, Defendants argue that Cross was not listed as a potential witness nor identified at any time throughout discovery and that his sworn declaration is inadmissible. Defendants have moved for summary judgment. (Rec. Doc. 16).

## **LEGAL STANDARD**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing FED. R. CIV. P. 56); *see Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.,* 530 F.3d 395, 398 (5th

Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings but must identify specific facts that establish a genuine issue for trial. *See id.* at 325; *Little*, 37 F.3d at 1075.

## **DISCUSSION**

Plaintiff's claims in this case arise from Louisiana Civil Code Art. 2317.1 which provides in relevant part

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care.

Defendants have moved for summary judgment against Plaintiff on the grounds that he cannot present any competent evidence to show that Defendants had actual or constructive knowledge of the opened storm drain. (Rec. Doc. 16, at 8). Plaintiff has submitted the affidavit of Charles Cross to establish that Baywood Apartments had a protocol in place to open drain covers prior to major storms. (Rec. Doc. 17, at 6). However, Defendants argue that this testimony is improper summary judgment evidence and therefore must be excluded.

Defendants assert that Mr. Cross was not identified at any time during discovery, neither in Plaintiff's Rule 26(a) initial disclosures nor in any subsequent Rule 26(e) supplemental disclosure. (Rec. Doc. 20, at 1). Mr. Cross was also not listed in Plaintiff's Witness and Exhibit List (Rec. Doc. 15). All parties were required to disclose their witnesses by September 12, 2022, and this Court's scheduling order provides that it "will not permit any witness, expert or fact, to testify or exhibits to be used unless there has been compliance with this Order as it pertains to the witness." (Rec. Doc. 11, at 2). Furthermore, Mr. Cross's sworn

statement was not produced until October 11, 2022, the day that discovery closed and all depositions were due. (Rec. Doc. 17-2, at 2).

Defendants cite Federal Rule of Civil Procedure 37(c) which provides that

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Plaintiff provides no explanation as to justify why the disclosure of Mr. Cross was so tardy, nor does he argue that admission of his sworn statement would be harmless. Therefore, this Court finds that the Declaration Under Oath of Charles Cross (Rec. Doc. 17-2) is improper summary judgment evidence and cannot be admitted. Defendants' objection to this proffered testimony is **SUSTAINED,** and the affidavit is hereby stricken from the record.

Turning now to the merits of Defendants' *Motion for Summary Judgment* (Rec. Doc. 16), Plaintiff does not present any admissible evidence which shows that Defendants had actual or constructive notice of the opened storm drain. Plaintiff attempts to argue that the storm drain at issue would have required a special tool to open which would only be available to the maintenance personnel. (Rec. Doc. 17, at 6). However, Plaintiff does not cite any evidence to support this contention. In fact, the only exhibit Plaintiff has submitted at all in opposition to summary judgment is the now-stricken affidavit of Mr. Cross. As Plaintiff is unable to prove the essential knowledge element of his claim under Louisiana Civil Code art. 2317.1, summary judgment is appropriate.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' *Motion for Summary Judgment* **(Rec. Doc. 16)** is **GRANTED**.

New Orleans, Louisiana, this 3rd day of November, 2022.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE